UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRETT ANDREW NELSON**,<br><br>Petitioner,<br><br>v.<br><br>**DANIEL AUSTIN WALZL**,<br><br>Respondent. | Case No. 21-cv-1169 (CRC) |

## MEMORANDUM OPINION

Petitioner Brett Andrew Nelson, appearing pro se, has filed a motion under the Federal Arbitration Act ("FAA") to "Confirm the Unchallenged Arbitration Award." ECF No. 1. This motion fits a "pattern of meritless litigation," which has resulted in the Tenth Circuit imposing various restrictions on Nelson's ability to file new suits. See Nelson v. Gallagher, No. 21-1000, 2021 WL 2179323, at *2 (10th Cir. May 28, 2021). The subject matter of the award he seeks to confirm is unclear from the documents attached to the motion; the purported underlying contract consists of a lengthy series of incomprehensible paragraphs which appear to claim that he is entitled either to unspecified real property in Colorado or to a "social security account." See "Lawful Claim of Title, Will, Execution of Will, Declaration of Status, Appointment of Trustees and Standing Orders For Same," ECF. No. 4 at 17–32. The arbitration award itself appears to have been generated by "Brett 'Eeon' Jones," see Final Arb. Award at 6, ECF No. 1-4, an individual whose work as an arbiter one court has described as trying to "make money by selling unwitting consumers fraudulent legal documents and also attempting—so far, unsuccessfully—to dupe a court into confirming one of its awards." See Satcomm v. PayPal, No. 5:19-mc-10-MTT, 2020 WL 1609503, at *2 n.1 (M.D. Ga. Apr. 1, 2020). Because the arbitration agreement does

1

not implicate a federal question and because Nelson has not established diversity jurisdiction, the Court will dismiss this case for want of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction).

The "primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 682 (2010).  The Act "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).  In relevant part, the FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

Nelson alleges that "on or around May 23, 2018, [he] and Respondent [Daniel Walzl] entered into binding and sealed covenant/contract LAWFUL CLAIM OF TITLE, WILL, EXECUTION OF WILL, DECLARATION OF STATUS, APPOINTMENT OF TRUSTEES AND STANDING ORDERS FOR SAME . . . and a Stipulation and Settlement Agreement of May 21, 2018 Public Record Document 369952 [Alamosa County]." Mot. ¶ 1 (capitalization and bracket in original).  From all indications, no award was made in the District of Columbia, and any court proceedings took place in

Alamoso County, Colorado, where Mr. Walzl sits as a judge.  See https://www.courts.state.co.us/Courts/County.

Nevertheless, Nelson filed substantially the same action in the U.S. District Court for the District of Colorado, which was dismissed for want of subject matter jurisdiction.  In affirming, the Tenth Circuit Court of Appeals agreed that Petitioner's "arbitration agreement does not confer subject-matter jurisdiction through 9 U.S.C. §§ 9, 12 or Article I § 10 of the U.S. Constitution, because the agreement itself does not implicate a federal question."  Andrew v. Walzl/Colorado, 829 Fed. App'x 872, 874 (10th Cir. 2020).  In addition, the circuit court agreed that diversity jurisdiction was lacking because "both parties are allegedly citizens of the same state," *id*. at 875, which is a fact unaffected by Nelson's current address of record in South Carolina.  *See* Final Arb. Award at 2, ECF No. 1-4 (listing Plaintiff's citizenship as Colorado); Lopes v. Jetsetdc, LLC, 4 F. Supp. 3d 238, 241 (D.D.C. 2014) ("Citizenship depends upon domicile, and, as domicile and residence are two different things, it follows that citizenship is not determined by residence.") (citing Shafer v. Children's Hosp. Soc. of Los Angeles, Cal., 265 F.2d 107, 122 (D.C. Cir. 1959) (other citations omitted)).  A "judgment that subject matter jurisdiction is lacking constitutes res judicata as to that jurisdictional issue."  Hall v. Clinton, 143 F. Supp. 2d 1, 5 (D.D.C. 2001), aff'd, 285 F.3d 74 (D.C. Cir. 2002).

Accordingly, the Court will dismiss this matter and close the case. A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: August 18, 2021